UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DIANA GOLOSH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-634 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB). She filed her application on October 17, 2012. (PageID.161-62). She alleged a September 10, 2012, onset of disability. (PageID.161). Her claim was denied on initial review. (PageID.97-109). On September 5, 2013, she received a hearing before an administrative law judge (ALJ). (PageID.59-95). On December 6, 2013, the ALJ issued her decision finding that plaintiff was not disabled. (PageID.39-52). On April 14, 2015, the Appeals Council denied review (PageID.29-31), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. She asks the court to overturn the Commissioner's decision on the ground quoted verbatim below:

> THE ALJ ERRED IN NOT NON-MECHANICALLY APPLYING THE GRID RULES TO AWARD DISABILITY, AND ERRED IN NOT EVEN CONSIDERING WHETHER TO DO SO, PARTICULARLY GIVEN MS. GOLOSH'S "ADDITIONAL VOCATIONAL ADVERSITIES."

(Plf. Brief at 4, ECF No. 10, PageID.449).

Upon review of the record, and for the reasons stated herein, I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the Court's review is limited. *Buxton*, 246 F.3d at 772. The Court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal

merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from September 10, 2012, through, and years beyond, the date of the ALJ's decision. Plaintiff remained disability insured through December 31, 2015. (Op. at 3, PageID.41). Plaintiff had not engaged in substantial gainful activity on or after September 10, 2012, her alleged onset of disability. (*Id.*). Plaintiff had the following severe impairments: "fibromyalgia, status-post fracture

of lower extremity, obesity, and affective disorder." (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 4, PageID.42).

The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds but she can frequently climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to vibration and workplace hazards. She can perform simple, routine, and repetitive tasks with no production rate work. She can occasionally interact with supervisors and coworkers, but should have no more than minimal, superficial interaction with the general public.

(Op. at 6, PageID.44).

The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*Id.* at 6-12, PageID.44-50). The ALJ found that plaintiff was not capable of performing any past relevant work. (*Id.* at 12, PageID.50).

Plaintiff was 53 years old as of her alleged onset of disability and 54 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a person closely approaching advanced age at all times relevant to her claim for DIB benefits. (*Id.* at 7, 12, PageID.45, 50). Plaintiff has at least a high school education and is able to communicate in English. (*Id.* at 12, PageID.50).

- 4 -

The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 110,779 jobs in in the national economy that the hypothetical person would be capable of performing. (PageID.91-92). The ALJ found that this constituted a significant number of jobs. (Op. at 13, PageID.51). Using Rule 202.14 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (Op. at 13-14, PageID.51-52).

Plaintiff argues that the ALJ committed reversible error by "mechanically" applying the age rules in a "borderline" situation because plaintiff was 4 months and 13 days from her fifty-fifth birthday as of the date of the ALJ's decision. (Plf. Brief at 4-8, PageID.449-53). Plaintiff invokes subsection (b) of 20 C.F.R. § 404.1563 which states as follows:

> (b) How we apply the age categories. When we make a finding about your ability to do other work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).

"[N]othing in this language obligates an ALJ to address a claimant's borderline age situation in h[er] opinion or explain h[er] thought process in arriving at a

particular age-category determination." *Bowie v. Commissioner*, 539 F.3d 395, 399 (6th Cir. 2008); *Caudill v. Commissioner*, 424 F. App'x 510, 516-17 (6th Cir. 2011); *Bouschor v. Commissioner*, No. 2:15-cv-47, 2016 WL 336099, at * 7 (W.D. Mich. Jan. 28, 2016); *Dultmeyer v. Commissioner*, No. 3:12-cv-2941, 2014 WL 991900, at * 2 (N.D. Ohio Mar. 13, 2014). Here, the ALJ considered and cited 20 C.F.R. 404.1563. She correctly identified plaintiff's date of birth, her age as of the date of her alleged onset of disability, and plaintiff's age as of the date of the ALJ's decision. The ALJ found that at all times relevant to plaintiff's claim for DIB benefits plaintiff was classified as an individual closely approaching advanced age. (Op. at 7, 12, PageID.45, 50). This was more than sufficient consideration of plaintiff's age under the applicable laws and regulations. *See e.g., Gilliam v. Commissioner*, No. 14-12335, 2015 WL 3580502, at * 26 (E.D. Mich. June 5, 2015); *Varney v. Colvin*, 7:13-cv-53, 2014 WL 1877543, at * 5 (E.D. Ky. May 9, 2014).

Plaintiff's reliance on dicta in the Sixth Circuit's *Bowie* decision is misplaced. The unambiguous holding of *Bowie* was that the regulations "do[] not impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case." *Bowie*, 539 F.3d at 399; *Caudill*, 424 F. App'x at 517. "[T]he regulations governing borderline age situations do not impose a procedural explanatory requirement." *Bowie*, 539 F.3d at 400. Dicta in the *Bowie* decision suggested that, in the future, an ALJ's decision that did not discuss a borderline situation might not be supported by substantial evidence if the claimant was

extremely close to the next age category (49 year and 11 months) and had multiple "additional vocational adversities" (unskilled, sedentary work, barely literate, and whose only previous work experience was in in one isolated industry or work setting, such as the fishing industry). *Bowie*, 539 F.3d at 401; *Caudill*, 424 F. App'x at 517-18. This is not such a case.

Plaintiff was not "within a few days" of reaching an older age category. It is undisputed that plaintiff did not reach age 55 until "4 months and 13 days" *after* the ALJ entered her decision. (Plf. Brief at 3, ECF No. 10, PageID.448; *see also* Def. Brief at 5, ECF No. 11, PageID.459 (Plaintiff "was approximately four and one-half months away from turning 55."). The regulations do not define a "few months." SSR 83-10 suggests that this is a matter left to the ALJ's discretion. "No fixed guidelines as to when a borderline situation exists are provided since such guidelines would themselves reflect a mechanical approach." *Titles II and XVI: Determining Capability to Do Other Work-The Medical-Vocational Rules of Appendix 2*, SSR 83-10 (SSA 1983) (reprinted at 1983 WL 31251, at * 8). Four and one-half months is generally considered more than "a few months."[1] *See Byes v. Astrue*, 687 F.3d 913, 918 (8th Cir. 2012) (collecting cases). Defendant has elected, however, not to contest

---

1 Suffice it to say that if plaintiff had presented the ALJ an argument asserting that her claim presented a borderline situation, the ALJ would have been more likely to discuss this issue in her opinion. Plaintiff did not argue in her prehearing brief that her claim presented a borderline age situation. (PageID.263-64). Her representative offered no argument at the hearing that plaintiff should be considered anything other than her chronological age. (PageID.59-95).

- 7 -

plaintiff's assertion that her claim presents "a borderline age situation[.]" (Def. Brief at 6, PageID.460).

In *Bowie*, the Sixth Circuit considered the non-binding guidance provided by the Hearings, Appeals and Litigation Law Manual of the Social Security Administration (HALLEX).[2] 549 F.3d at 397-99. HALLEX then endorsed, and it continues to endorse,[3] a "sliding scale" approach, wherein "the claimant must show progressively more additional vocational adversity(ies)—to support use of the higher age as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." *Bowie*, 539 F.3d at 397 (citing HALLEX at II–5–3–2). The Sixth Circuit noted that HALLEX provided examples of "additional vocational adversities" to consider when deciding whether to apply the higher age category. These included being barely literate in English, having only a

---

[2] HALLEX is an internal guidance tool. It does not have the force of law. *See Estep v. Astrue*, No. 2:11-cv-17, 2013 WL 212643, at * 11 (M.D. Tenn. Jan. 18, 2013) (collecting cases). HALLEX does not impose judicially enforceable duties on either the ALJ or this [C]ourt." *Morris v. Commissioner*, No. 1:11-cv-154, 2012 WL 4953118, at * 12 (quoting *Lockwood v. Commissioner*, 616 F.3d 1068, 1072 (9th Cir. 2010)).

[3] Effective March 25, 2016, the Social Security Administration moved the guidance regarding borderline age issues formerly found at HALLEX II-5-3-2 to HALLEX I-2-2-42 and I-3-3-25. The guidance provided in HALLEX I-2-2-42 continues to emphasize that there is no set definition for "a few days to a few months. It means a small number, not to exceed six months: "SSA does not have a precise paradigmatic definition of the phrase 'within a few days to a few months.' The word 'few' should be defined using its ordinary meaning, e g., a small number. Generally, SSA considers a few days to a few months to mean a period not to exceed six months." HALLEX I-2-2-42.

marginal ability to communicate in English, and having work experience in one isolated job and one isolated industry or work setting. 539 F.3d at 397.

Plaintiff has not and cannot demonstrate that she had such significant additional vocational adversities that at four and one-half months away from the next age category, the ALJ was required to *sua* sponte discuss the possibility of applying an age category higher than plaintiff's chronological age. The Sixth Circuit has found no error where the period of time from the next age category was much shorter, *see Bowie*, 539 F.3d at 396 (less than two months), and where the claimant had far more significant vocational adversities, *see Caudill*, 424 F. App'x at 513, 518 (work in an isolated industry as a coal mine roof bolter and evidence that he was barely literate). *See also Henry v. Colvin*, No. 14-cv-445, 2016 WL 1171531, at * 9-10 (E.D. Ky. Mar. 23, 2016); *Ramsey v. Social Security Admin.*, No. 3:14-cv-1917, 2016 WL 727547, at * 7-8 (M.D. Tenn. Feb. 24, 2016); *Spiteri v. Colvin*, No. 14-14140, 2015 WL 7258749, at * 4 (E.D. Mich. Nov. 9, 2015). Here, by contrast, plaintiff has at least a high school education and is able to communicate in English. (Op. at 12, PageID.50). She "was laid off from work for reasons unrelated to her [physical and mental] conditions." (Op. at 11-12, PageID.49-50; *see also* PageID.85).

Plaintiff's work history is fairly strong and varied. Plaintiff's past relevant work includes semi-skilled work. She worked as a stocker/assembler with a skill vocational preparation level (SVP) of 5; a folding machine operator with a SVP of 2;

and a plastic mold operator which was unskilled work.[4]  (Op. at 12, PageID.50; *see also* PageID.90, 177, 186, 260).

"The fact that age categories are not to be applied mechanically, [ ] obviously does not mean that a claimant must be moved mechanically to the next age category whenever her chronological age is close to that category."  *Van der Maas v. Commissioner*, 198 F. App'x. 521, 528 (6th Cir. 2006); *see Caudill v. Commissioner*, 424 F. App'x at 516-18; *see also O'Neill v. Commissioner*, No. 1:11-cv-1181, 2013 WL 1436648, at * 5 (W.D. Mich. Apr. 9, 2013).  I find no error.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   July 25, 2016                                /s/   Phillip J. Green
                                                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a

---

4 This is not an instance where the claimant's disability insured status had expired or would be expiring at a time close to the date of the ALJ's decision.  Plaintiff's disability insured period did not expire until December 31, 2015, more than two years after the ALJ's decision.  (Op. at 3, 14, PageID.41, 52; *see also* PageID.237).  Thus, plaintiff remained free to file a new claim for DIB benefits which would address the period when her chronological age actually placed her in the "advanced age" category. 20 C.F.R. § 404.1563(e).

waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).