UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA GOLOSH,

   Plaintiff,        Case No.  1:15-cv-634

v.

              HON. ROBERT HOLMES BELL

COMMISSIONER OF
SOCIAL SECURITY,

   Defendant.
_____/

## MEMORANDUM OPINION AND ORDER
## APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On July 25, 2016, Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R") recommending that the Court affirm the decision of the Commissioner denying disability insurance benefits. (ECF No. 12.) Before the Court are Plaintiff's objections to the R&R. (ECF No. 13.)

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

Plaintiff claims that the administrative law judge ("ALJ") erred in failing to non-mechanically apply the grid rules to award her disability benefits and in not considering whether to do so given Plaintiff's "additional vocational adversities." (Pl.'s Br. 4, ECF No. 10.) The magistrate judge determined that the ALJ was not required to *sua sponte* discuss whether Plaintiff could have been classified in a higher age category.

Plaintiff objects that the R&R erred by "conclud[ing] that there are no additional vocational adversities." (Objections 1, ECF No. 13.) That is not correct. The R&R concluded that the adversities claimed by Plaintiff are not so "significant" that the ALJ was required to discuss the possibility of a higher age category. (R&R 9, ECF No. 12.) The R&R correctly cited the Sixth Circuit's holding that the applicable regulations "do not impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008).

Plaintiff asserts that "*Bowie* requires there must be some indication the ALJ considered applying the Grids non-mechanically [in a borderline case] if there is evidence of what are called 'additional vocational adversities.'" (Objections 3, ECF No. 13.) That is incorrect. *Bowie* does not require an explanation whenever there is evidence of additional vocational adversities in a borderline case. Rather, *Bowie* indicated in dicta that an explanation might be necessary where the claimant's age is very close to the next higher age category and where the additional vocational adversities are "significant." *Bowie*, 539 F.3d at 401. Conversely, if the adversities are not significant and the claimant's age in relation to the next higher category is not especially close, then no explanation is necessary. *See Caudill v. Comm'r of Soc. Sec.*, 424 F. App'x 510, 517-18 (6th Cir. 2011) (no explanation necessary where the claimant's additional vocational adversities were not significant enough to warrant one). In *Caudill*, the plaintiff was in a borderline-age situation and had at least one relevant vocational adversity, but it was not improper for the ALJ to classify the plaintiff in the lower age category "without further explanation." *Id.* at 516. The same is true in this case.

2

The Court finds no error in the R&R. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF Nos. 13) are **OVERRULED**.

**IT IS FURTHER ORDERED**  that the Report and Recommendation (ECF No. 12) is **APPROVED** and **ADOPTED** as the opinion of the Court.


Dated: <u>August 23, 2016</u>                    <u>/s/ Robert Holmes Bell                    </u>
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE